IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| APRIL BUTLER, | ) | |
| Plaintiff, | ) | |
| | ) CASE NO: 2:07-CV-994-WC | |
| vs. | ) | |
| | ) | |
| DOLLAR GENERAL CORP. | ) | **DEMAND FOR JURY TRIAL** |
| Defendant. | ) | |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for declaratory judgment, equitable relief, and money damages, instituted to secure the protection of and to redress the deprivation of rights secured through Title VII of the Act of Congress commonly knows as "The Civil Rights Act of 1964," 42 U.S.C. §§2000(e) et seq., as amended by "The Civil Rights Act of 1991," 42 U.S.C. 1981a (hereinafter "Title VII"), and 42 U.S.C. § 1981, which provide for relief against race discrimination, racial harassment and retaliation. The Plaintiff seeks lost wages, compensatory, and punitive damages and requests a jury trial.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 1343(a)(4); 28 U.S.C. §§ 2201 and 2202; and 42 U.S.C. §2000e-5(f)(3). The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by Title VII and 42 U.S.C. §1981, providing for injunctive and other relief against race discrimination, racial harassment and retaliation in employment.

3. The unlawful employment practices alleged hereinbelow were committed by the defendant within Middle District of Alabama, Northern Division where venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and 42 U.S.C. §2000e-5(g).

4. The Plaintiff requests a jury trial on all issues pursuant to 42 U.S.C. §1981a.

### III. PARTIES

5. The Plaintiff, April Butler is an individual over the age of nineteen (19) who resides in Rockford, Alabama which is located in Coosa County, Alabama.

1

6. The Defendant is a corporation, doing business in the State of Alabama in the Middle Division of Alabama.

7. The Defendant, Dollar General Corporation, is an entity subject to suit under Title VI and 42 U.S.C. §1981.

## IV. FACTS

8. The Plaintiff was hired by the Defendant on March 16, 2006, as a sales associate, by Margaret Riggins (a black female).

9. It was the Plaintiff's understanding, as well as the Defendant's that once the Plaintiff passed the required drug test, she would be promoted to Assistant Manager.

10. Plaintiff's beginning pay was $5.75 and it was the agreement of the parties that said pay was due to increase to $8.25 once the results from the drug test were obtained.

11. However; after completing and passing the drug screen, the Plaintiff realized no increase in her pay. She inquired about this on several different occasions to the store manager, Margaret Riggins, as well as Steve Bearden, District Manager, (a white male).

12. During this period of time, Plaintiff was made aware that another Assistant Manager, namely; Cathy Heflin (a white female) was making $9.20 an hour.

13. After realizing that the Assistant Manager was making more than the manager, Margaret Riggins (who is also a black female), the Plaintiff made inquiries to the District Manager, Steve Bearden, about the possibility of race being an issue.

14. After several complaints to the District Manager, Steve Bearden, the Plaintiff then contacted the corporate office on August 2, 2006. In a taped interview, the Plaintiff stated her concerns regarding the failure of the Defendant to pay her pay increase regarding race.

15. After the August 2, 2006 phone call, Plaintiff received a check in the amount of $32.19 (thirty two dollars and nineteen cents). Upon receiving this check, the Plaintiff once again, called the corporate office to complain because the amount of back time owed exceeded $800.00 (eight hundred dollars).

16. On August 17, 2006, Plaintiff received a check for $734.78 (seven hundred thirty four dollars and seventy eight cents) with taxes being deducted.

17. The very next day, on August 18, 2006, Plaintiff was met by a private investigator when she arrived at her job. The very first statement that he spoke, in the presence of the other Associate Manager, Cathy Heflin, was, "Do you want to be fired?"

18. The investigator then proceeded to ask Plaintiff to come into the office and meet with him. During this meeting, he was very confrontational, very hostile, and threatening. He quizzed the Plaintiff repeatedly about any inappropriate conduct. The Plaintiff answered his questions fully and honestly each time they were asked. However; he continued to harass her for about three hours.

19. Plaintiff told him she had actually put $8.00 (eight dollars) back in her cash register at the direction of her supervisor, Margaret Riggins.

20. The Plaintiff was required to put money in other cashier's deposits when they would have a shortage.

21. During the course of this interview, Plaintiff advised this "investigator" who was also a white male, that on one occasion, while she was working a shift in which she arrived at 8:30 a.m. and left at 8:30 p.m., and had absolutely no break because she was the only employee in the store for the entire day, that she ate an $.85 (eighty five cent) piece of candy and at closing she went to her car and got her purse and repaid the $ .85 (eighty five cents).

22. During the course of this interview, the "investigator" advised that "this was going to be a 'black and white' cash handling business, not a 'black on black' cash handling business."

23. Plaintiff was advised that if she signed a promissory note for the $.85 (eighty five cents) piece of candy and mailed a money order to the corporate office, that this would be considered a "training issue" and she would be counseled on this matter. However; she was assured by the "investigator" that she would not be terminated.

24. The Plaintiff was contacted at home one hour prior to her arrival time for work the following business day and advised that she had been terminated.

25. That Plaintiff attempted to obtain her unemployment benefits and was advised that she had voluntarily left her employment "without good cause connected with work".

26. The Defendant's articulated reasons for terminating the Plaintiff are pretextual and the Defendant has failed to articulate a legitimate, non discriminatory reason for terminating the Plaintiff.

27. As a result of the Defendant's actions, the Plaintiff has suffered extreme harm, including, but not limited to, loss of employment, denial of wages, compensation and other benefits and conditions of employment. Additionally, the Plaintiff has suffered injury, including embarrassment, humiliation, mental distress, emotional pain and anguish, and loss of enjoyment of life.

IV.    **CAUSES OF ACTION**

    A.    **COUNT 1 - RACIALLY HOSTILE WORK ENVIRONMENT**

28.   The Plaintiff re-alleges and incorporates by reference paragraphs 1 through 27 above with the same force and effect as if fully set out in specific detail hereinbelow.

29.   During the entire course of her employment, the Plaintiff was continuously subjected to a severe racially hostile work environment.

30.   That the Defendant was aware of this hostile and abusive environment and refused to take appropriate remedial action.

31.   The Defendant ratified and/or condoned such hostile and abusive behavior by failing to take appropriate remedial action.

32.   The Defendant is vicariously liable for the conduct of the employees and supervisors that harassed the Plaintiff.

33.   The Defendant took a tangible employment action against the Plaintiff by allowing the Plaintiff's harassing supervisor to discharge her.

34.   That said racial harassment was done maliciously, willfully, and with reckless disregard for the rights of the Plaintiff.

35.   That the Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

36.   That the Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendants' unlawful conduct as set forth herein unless enjoined by this Court.

    B.    **COUNT II - RACIAL DISCRIMINATION**

37.   The Plaintiff re-alleges and incorporates by reference paragraphs 1 through 27 above with the same force and effect as if fully set out in specific detail hereinbelow.

38.   During her employment, the Defendant discriminated against the Plaintiff because of her African-American race by discharging her and discriminating against her in job assignments, wages, discipline, termination and other terms, conditions and privileges of her employment.

39.   The Defendant's articulated reasons for terminating the Plaintiff are not legitimate.

40. That said racial discrimination was done maliciously, willfully, and with reckless disregard for the rights of the Plaintiff.

41. The Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

### C.  COUNT III - RETALIATION

42. The Plaintiff re-alleges and incorporates by reference paragraphs 1 through 27 above with the same force and effect as if fully set out in specific detail hereinbelow.

43. The Plaintiff complained to management that her supervisor was racially harassing her and that she was being discriminated against because of her race.

44. That in response to the Plaintiff's complaints of racial harassment, the Defendant terminated the Plaintiff.

45. That said retaliation was done maliciously, willfully, and with reckless disregard for the rights of the Plaintiff.

46. The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

47. The Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

### V.  PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant violate the rights of the Plaintiff secured by Title VII.

2. Grant the Plaintiff a permanent injunction enjoining the Defendants, their agents, successors, employees, attorneys and those acting in concert with the Defendants and at the Defendant's request from continuing to violate Title VII.

3. Enter an Order requiring the Defendants to make the Plaintiff whole by awarding her reinstatement, back-pay (plus interest), nominal damages, front pay, lost seniority, benefits, loss of pension, compensatory and punitive damages and post judgment

interest.

4. The Plaintiff further prays for such other relief and benefits as the cause or justice may require, including but not limited to, an award of costs, attorney's fees and expenses.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

Respectfully submitted this 5th day of November, 2007.

Angela Hill (HIL052)
Attorney for Plaintiff
139 S. Broadnax St.
Dadeville, AL 36853
256-825-8251 Phone
256-825-8201 Fax
ajhill_law@bellsouth.net

```
DUPLICATE

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602001099
Cashier ID: brobinso
Transaction Date: 11/06/2007
Payer Name: ANGELA J HILL
------------------------------------
CIVIL FILING FEE
  For: ANGELA J HILL
  Case/Party: D-ALM-2-07-CV-000994-001
  Amount:       $350.00
------------------------------------
CHECK
  Check/Money Order Num: 3348
  Amt Tendered:  $350.00
------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

BUTLER V. DOLLAR GENERAL CORP
```