IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| APRIL BUTLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO.: |
| ) | |
| DOLLAR GENERAL CORP. ) | 2:07-CV-994-WC |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| ) | |

## ANSWER OF DEFENDANT DOLGENCORP, INC.

COMES NOW Defendant Dolgencorp, Inc.[1] ("Dolgencorp"), incorrectly named in the complaint as "Dollar General Corporation" and answers Plaintiff April Butler's ("Plaintiff") allegations as follows:

I.   INTRODUCTION:

1.   Dolgencorp admits that Plaintiff seeks the relief requested in this action; however, Dolgencorp denies that Plaintiff's claims have any merit, or that she is entitled to the relief requested or any other type of relief at law or in equity.

---

[1] Defendant Dollar General Corporation was not Plaintiff's employer and, therefore, is incorrectly named in the Complaint. Plaintiff's employer was Dolgencorp, Inc. (Dolgencorp), and, accordingly, Defendant's answers are on behalf of Dolgencorp. Understanding that Dollar General Corporation denies it was ever Plaintiff's employer, Dollar General Corporation otherwise adopts this Answer to the extent it is necessary to do so.

## II. JURISDICTION AND VENUE

2. Dolgencorp admits that Plaintiff has invoked the jurisdiction of this Court pursuant to the statutes indicated in Paragraph 2 of the Complaint; however, Dolgencorp denies that Plaintiff's claims have any merit.

3. Dolgencorp admits that venue is proper. Dolgencorp denies the remaining allegations contained in Paragraph 3 of the Complaint, and specifically denies that it engaged in any unlawful employment practices or any other type of wrongful and/or illegal conduct.

4. Dolgencorp admits that Plaintiff seeks a trial by jury in this action.

## III. PARTIES

5. Dolgencorp admits, upon information and belief, the factual assertions set forth in Paragraph 5 of the Complaint.

6. Dolgencorp admits the assertions contained in Paragraph 6 of the Complaint.

7. Dolgencorp admits the assertions set forth in Paragraph 7 of the Complaint as it pertains to Dolgencorp, Inc.

## IV. FACTS

8. Dolgencorp admits that Plaintiff was hired by Margaret Riggins as a Sales Associate. Dolgencorp denies the remaining allegations contained in Paragraph 8 of the Complaint.

9. Dolgencorp denies the allegations contained in Paragraph 9 of the Complaint.

10. Dolgencorp denies the allegations contained in Paragraph 10 of the Compliant.

11. Dolgencorp admitted that Plaintiff inquired as to her rate of pay to Margaret Riggins and Steve Bearden during her employment. Dolgencorp denies the remaining allegations contained in Paragraph 11.

12. Dolgencorp lacks sufficient information to either admit or deny the allegations contained in Paragraph 12 of the Complaint, and accordingly, denies same.

13. Dolgencorp denies the allegations contained in Paragraph 13 of the Complaint.

14. Dolgencorp lacks sufficient information to either admit or deny the allegations contained in Paragraph 14 of the Complaint and, accordingly, denies same.

15. Dolgencorp admits that Plaintiff complained to Dolgencorp management concerning her rate of pay. Dolgencorp further admits that Plaintiff was compensated retroactively. Dolgencorp lacks sufficient information to either admit or deny the remaining allegations contained in Paragraph 15 of the Complaint.

16. Dolgencorp admits that Plaintiff was compensated retroactively. Dolgencorp lacks sufficient information to either admit or deny the remaining allegations contained in Paragraph 16 of the Complaint and, therefore, denies them.

17. Dolgencorp denies the allegations contained in Paragraph 17 of the Compliant.

18. Dolgencorp denies the allegations contained in Paragraph 18 of the Complaint.

19. Dolgencorp admits the allegations contained in Paragraph 19 of the Complaint.

20. Dolgencorp denies the allegations contained in Paragraph 20 of the Compliant.

21. Dolgencorp admits that Plaintiff consumed a candy bar without paying for it. Dolgencorp lacks sufficient information to either admit or deny the remaining allegations contained in Paragraph 21 of the Complaint, and accordingly, denies same.

22. Dolgencorp denies the allegations contained in Paragraph 22 of the Compliant.

23. Dolgencorp denies the allegations contained in Paragraph 23 of the Complaint.

24. Dolgencorp admits that Plaintiff was terminated. Dolgencorp lacks sufficient information to either admit or deny the remaining allegations contained in Paragraph 24, and accordingly, denies same.

25. Dolgencorp lacks sufficient information to either admit or deny the allegations contained in Paragraph 25 of the Complaint, and accordingly, denies same.

26. Dolgencorp denies the allegations contained in Paragraph 26 of the Compliant.

27. Dolgencorp denies the allegations contained in Paragraph 27 of the Complaint.

IV.    **CAUSES OF ACTION**[2]

    A.    **COUNT 1 – RACIALLY HOSTILE WORK ENVIRONMENT**

28.    Dolgencorp restates its answers to Paragraphs 1-27 as if fully set forth herein.

29.    Dolgencorp denies the allegations contained in Paragraph 29 of the Complaint.

30.    Dolgencorp denies the allegations contained in Paragraph 30 of the Complaint.

31.    Dolgencorp denies the allegations contained in Paragraph 31 of the Complaint.

32.    Dolgencorp denies the allegations contained in Paragraph 32 of the Complaint.

33.    Dolgencorp admits that Plaintiff's employment was terminated. Dolgencorp denies the remaining allegations contained in Paragraph 33 of the Compliant.

34.    Dolgencorp denies the allegations contained in Paragraph 34 of the Complaint.

35.    Dolgencorp denies the allegations contained in Paragraph 35 of the Complaint.

36.    Dolgencorp denies the allegations contained in Paragraph 36 of the Complaint.

---

[2]    Plaintiff's Complaint contains two Part IV's.

**B.    COUNT II – RACIAL DISCRIMINATION**

37.    Dolgencorp restates its answers to Paragraphs 1-36 as if fully set forth herein.

38.    Dolgencorp denies the allegations contained in Paragraph 38 of the Complaint.

39.    Dolgencorp denies the allegations contained in Paragraph 39 of the Complaint.

40.    Dolgencorp denies the allegations contained in Paragraph 40 of the Complaint.

41.    Dolgencorp denies the allegations contained in Paragraph 41 of the Complaint.

**C.    COUNT III - RETALIATION**

42.    Dolgencorp restates its answers to Paragraphs 1-41 as if fully set forth herein.

43.    Dolgencorp denies the allegations contained in Paragraph 43 of the Complaint.

44.    Dolgencorp denies the allegations contained in Paragraph 44 of the Complaint.

45.    Dolgencorp denies the allegations contained in Paragraph 45 of the Complaint.

46.    Dolgencorp denies the allegations contained in Paragraph 46 of the Complaint.

47.     Dolgencorp denies the allegations contained in Paragraph 47 of the Complaint.

## V.    PRAYER FOR RELIEF

In response to the Prayer for Relief paragraph immediately following Paragraph 47 of the Complaint, including subparts 1-4 contained therein, Dolgencorp denies that Plaintiff is entitled to a declaratory judgment, a permanent injunction, reinstatement, back pay (plus interest), nominal damages, front pay, lost seniority, benefits, lost of pension, compensatory damages, punitive damages, post-judgment interest, costs, attorney's fees, expenses, or any other type of relief at law or in equity.

In further defense, Dolgencorp asserts:

### FIRST DEFENSE

One or more claims asserted in the Plaintiff's complaint fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred to the extent that she has failed to reasonably mitigate her alleged damages, her entitlement to which is expressly denied.

### THIRD DEFENSE

The challenged employment actions were based on legitimate, non-discriminatory and non-retaliatory reasons that were not pretextual.

### FOURTH DEFENSE

Even if an improper or impermissible motive played any role in the challenged employment actions, the same actions would have been taken without regard to the improper or impermissible motive.

## FIFTH DEFENSE

To the extent that any of the alleged discriminatory conduct attributed to Dolgencorp's supervisors and managers actually occurred, such conduct is outside the normal course and scope of the supervisors'/managers' employment such that Dolgencorp is not liable for the conduct.

## SIXTH DEFENSE

The Plaintiff has failed to state a claim for punitive damages.

## SEVENTH DEFENSE

The Plaintiff's claims, or some of them, are barred for failure to exhaust administrative remedies and conditions precedent to filing suit, and for her failure to so plead.

## EIGHTH DEFENSE

Punitive damages are not available because the actions alleged in the complaint were contrary to Dolgencorp's policies and good faith efforts to comply with the laws.

## NINTH DEFENSE

Plaintiff's claims, or some of them, are, or may be, affected by the after-acquired evidence doctrine.

## TENTH DEFENSE

Plaintiff's claims, or some of them, do or may exceed the scope of her Charge of Discrimination filed with the EEOC.

## ELEVENTH DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

## TWELFTH DEFENSE

To the extent that the Plaintiff seeks equitable relief, she is barred by the doctrine of unclean hands.

## THIRTEENTH DEFENSE

To the extent that the Plaintiff seeks equitable relief, she is barred by the doctrine of laches.

## FOURTEENTH DEFENSE

Some or all of the Plaintiff's claims are barred by the applicable statute of limitation.

## FIFTEENTH DEFENSE

Plaintiff did not suffer from racial harassment that was sufficiently severe or pervasive such as to alter the conditions of her employment and/or create an abusive or hostile working environment.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred to the extent that she unreasonably failed to avail herself of Dolgencorp's internal procedure for reporting alleged discriminatory conduct.

## SEVENTEENTH DEFENSE

Dolgencorp has adopted anti-discrimination policies that are comprehensive, well-known to employees, vigorously enforced, and provide alternate avenues of redress for employees. Therefore, to the extent possible, Dolgencorp may be able to rely upon the defense set forth in the companion cases of *Burlington Industries, Inc. v. Ellerth*, 118 S.Ct. 2257 (1998) and *Faragher v. City of Boca Raton*, 118 S.Ct. 2275 (1998).

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred because Plaintiff did not engage in any statutorily protected activity.

## NINETEENTH DEFENSE

This action was only recently filed. As a result, Dolgencorp reserves the right to amend this answer upon discovery of additional facts and further developments of the facts and the law.

Dolgencorp requests an award of costs, expenses and attorney's fees.

Respectfully submitted,

s/Christopher W. Deering
Bar No.: ASB-5555-I71C

s/Ryan M. Aday
Bar No.: ASB-3789-A54A

Christopher W. Deering, Esq.
Ryan M. Aday, Esq.

**Ogletree, Deakins, Nash,
  Smoak & Stewart, P.C.**
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 328-1900
Facsimile: (205) 328-6000
E-mail: christopher.deering@odnss.com
E-mail: ryan.aday@odnss.com

10

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Angela Hill – ajhill_law@bellsouth.net

s/Ryan M. Aday
Ryan M. Aday
Attorney for Defendant,
Dolgencorp, Inc.

4614778.2